IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

WENDY L. CHAPMAN,                                                                                    PLAINTIFF

v.                                              4:15-CV-00622-JLH-JJV

CAROLYN W. COLVIN,
Acting Commissioner,
Social Security Administration,                                                                      DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

This recommended disposition has been submitted to United States District Judge J. Leon Holmes.  The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection.  The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations.  A copy must be served on the opposing party.  The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

**RECOMMENDED DISPOSITION**

Wendy Chapman ("Plaintiff") brought this action pursuant to 42 U.S.C. § 405(g), for review of the final decision of the Social Security Administration's denial of her claim for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3).  After careful review of the record, I recommend the Commissioner's decision be AFFIRMED and this matter be DISMISSED.

I.     BACKGROUND

On June 25, 2012, Plaintiff filed applications for a period of disability, disability insurance benefits, and supplemental security income - alleging disability since February 25, 2012, due to

anxiety, depression, diabetes, and neuropathy.  (Tr. 16, 151-64, 187)  The agency denied both applications.  (Tr. 88-100)  An Administrative Law Judge ("ALJ") conducted an administrative hearing on February 20, 2014.  Plaintiff appeared with her attorney and a vocational expert ("VE") testified.  (Tr. 30-49)

On May 7, 2014, the ALJ issued a decision finding Plaintiff's impairments were not disabling.  (Tr. 12-16)  The ALJ assessed that Plaintiff retained the residual functional capacity ("RFC") to perform a reduced range of sedentary work.  Specifically, he limited Ms. Chapman to work where: (1) interpersonal contact is incidental to the work performed; (2) the complexity of tasks can be learned by demonstration or repetition within 30 days, with few variables, and little judgment; and (3) the supervision required is simple, direct, and concrete.  (Tr. 19)

Given these limitations, the ALJ determined Ms. Chapman was no longer able to perform her past relevant work as a machine operator and day care worker.  (Tr. 24)  Therefore, the ALJ proceeded to the fifth step of the sequential evaluation process to determine whether other jobs existed in significant numbers in the national economy that Plaintiff could perform given her RFC.  (Tr. 24)  To make this finding, the ALJ relied on Medical-Vocational Guideline 201.28 as a framework and relied on the VE's testimony and the Dictionary of Occupational Titles.  Based on this information, the ALJ concluded Plaintiff could perform the jobs of "inspector-table level (DOT #739.687-182)" and "bonders (DOT #726.685-066)."  Accordingly, the ALJ found Plaintiff was not disabled. (Tr. 25) Plaintiff appealed, and subsequently the Appeals Council concluded on August 4, 2015, that no basis existed to review the ALJ's decision. (Tr. 1-5) The ALJ's decision then became the Commissioner's final decision for purposes of this Court's review pursuant to 42 U.S.C. § 405(g).

## II.     ANALYSIS

In support of her Complaint, Plaintiff argues the ALJ (1) erred in evaluating her medical records; (2) incorrectly determined her neuropathy was not a "severe" impairment; (3) failed to perform a function-by-function analysis at the fifth sequential step; and (4) erred in evaluating her credibility.  (Doc. No. 9)

### A.     Neuropathy

Plaintiff makes multiple arguments based on the ALJ's assessment of her neuropathy.  (Doc. No. 9)  The ALJ noted Plaintiff's alleged disability due to neuropathy and discussed that she had been diagnosed by Kenneth Dill, M.D., with diabetes-related neuropathy starting on September 24, 2013.  (Tr. 18, 300-01) The ALJ stated, "At [the time of her diagnosis], a physical examination showed normal range of motion of the back, no neurological deficits, and no cyanosis or edema in her extremities."  (*Id.*)  It is important to note that when Plaintiff was diagnosed with neuropathy on September 24, 2013, she was pregnant and had been taken off all medications.  (Tr. 300)  And, as the ALJ stated, "The record also shows no ongoing complaints of neuropathy prior to September 2013."  (Tr. 18-19)  Dr. Dill also only provided only conservative treatment, prescribing Gabapentin, with one refill permitted.  (Tr. 18, 301)

Later, on January 13, 2014, Dan Riner, M.D., evaluated Plaintiff.  (Tr. 292-98)  Dr. Riner assessed her with depression and diabetes.  (Tr. 293, 295)  His treatment notes fail to support an allegation of "severe" neuropathy.

Prior examinations on September 6, 2012, and October 2, 2012, also fail to support Plaintiff's claims.  They report no ongoing complaints of neuropathy and showed normal ranges or motion in her back and extremities, normal range of motion in all joints, and she did not exhibit any motor or sensory deficits.  (Tr. 259-264) Further, during these two examinations, Plaintiff did not exhibit any

3

limitations and had normal ranges of back motion, and did not experience any neurological deficits, cyanosis or edema in her extremities.

I have also considered the treatment notes from Alina Voinca, M.D. (Tr. 7-8) This evidence is Plaintiff's most compelling evidence but was only considered by the Appeals Council and not by the ALJ. So there is no detailed discussion of the consideration of this evidence. Clearly Plaintiff suffers from some degree of limitation from her impairments, including some situational neuropathy. I am sympathetic to her claims. But I agree with the Commissioner that Dr. Voinca's notes are based on Plaintiff's subjective statements and complaints and fail to require reversal. Considering the overall record on this point, I find substantial evidence supports the Commissioner's conclusion in this regard.

    **B.**    **Function-by-Function Analysis**

Residual functional capacity is defined as what the claimant can still do despite their physical or mental limitations. *Lauer v. Apfel*, 245 F.3d 700, 703 (8th Cir. 2001) (citations omitted). Plaintiff correctly notes, when determining the RFC, an ALJ must perform a function-by function analysis. *See* Social Security Ruling 96-8p. And an ALJ "must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 CFR 404.1545 and 416.945." *Id.* The ALJ may then express the RFC "in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." *Id.* The Ruling requires the ALJ to separately consider the claimant's ability to sit, stand, lift, carry, push, and pull. 20 CFR 404.1545 and 416.945.

The Commissioner correctly notes it is not reversible error to not mention all functional areas. In *Depover*, the Eighth Circuit Court of Appeals held the ALJ must specifically conduct a function-by-function analysis for those areas where the record supports a finding of limitation.

4

*Depover v. Barnhart*, 349 F.3d 563, 567-8 (8th Cir. 2003). Here, the ALJ fairly considered all of Plaintiff's limitations that are supported by the evidence of record.

    **C.    Plaintiff's Credibility**

Plaintiff disagrees with the ALJ's credibility assessment. The ALJ considered Plaintiff's subjective complaints in light of *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984), which states:

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
>     1. the claimant's daily activities;
>
>     2. the duration, frequency and intensity of the pain;
>
>     3. precipitating and aggravating factors;
>
>     4. dosage, effectiveness and side effects of medication;
>
>     5. functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints <u>solely</u> on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

*Polaski v. Heckler*, 739 F.2d at 1322 (emphasis in original).

Plaintiff clearly suffers from some limitation with the combination of her impairments. However, the objective medical records simply fail to support a claim of complete disability.

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382(a)(3)(A). A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically

acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

Rather than focusing on a diagnosis, the ALJ rightly placed substantial weight on Plaintiff's activities of daily living, the fact her symptoms were controlled by medication, and the lack of any restrictions placed on Plaintiff by her doctors. (Tr. 22-23) A review of the ALJ's opinion shows he considered Plaintiff's subjective allegations at some length, but found them less than credible. (Tr. 19-24) His credibility analysis was proper. He made express credibility findings and gave multiple valid reasons for discrediting Plaintiff's subjective complaints. *E.g., Shelton v. Chater*, 87 F.3d 992, 995 (8th Cir. 1996); *Reynolds. v. Chater*, 82 F.3d 254, 258 (8th Cir. 1996); *Hall v. Chater*, 62 F.3d 220, 224 (8th Cir. 1995). His credibility findings are entitled to deference as long as they are supported by good reasons and substantial evidence. *Gregg v. Barnhart,* 354 F.2d 710, 714 (8th Cir. 2003). The ALJ is always in the best position to gauge the credibility of a claimant's testimony. Thus, the ALJ is granted deference in this regard. *Schultz v. Astrue*, 479 F.3d 979, 982-983 (8th Cir. 2007). Accordingly, I find no basis to overturn the ALJ's residual functional capacity determination.

With regard to the argument that the ALJ failed to develop the record (Doc. No. 9 at 9), Plaintiff bears a heavy burden in showing the record has been inadequately developed. She must show both a failure to develop necessary evidence and unfairness or prejudice from that failure. *Combs v. Astrue*, 243 Fed.Appx. 200, 204 (8th Cir. 2007). Plaintiff has shown neither. The ALJ is permitted to issue a decision without obtaining additional evidence as long as the record is sufficient to make an informed decision. *E.g., Haley v. Massanari*, 258 F.3d 742, 749 (8th Cir. 2001); *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995). In this case, the record was sufficient upon which to make an informed decision.

Plaintiff has advanced other arguments which I have considered and find to be without merit.

It is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed and Plaintiff's Complaint be dismissed with prejudice.

DATED this 11th day of April, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE